[Civ. No. 5582.   First Appellate District, Division Two.—December
23, 1926.]

JAMES M. PATTERSON et al., Appellants, v. THE
SOUTHERN TRUST COMPANY (a Corporation), De-
fendant; SECURITY TRUST & SAVINGS BANK (a
Corporation), Respondent.

[1] QUIETING TITLE—MINES AND MINERALS—RESERVATION IN DEED BY
SAVINGS BANK — VALIDITY OF RESERVATION — BURDEN OF PROOF—
BANK ACT.—In an action by grantees of a savings bank to quiet
title to several tracts of land and to cancel reservations of min-
eral rights excepted from the conveyances by the grantor bank,
where plaintiffs sought to quiet title to the entire estate and
prayed for a decree canceling the reservations, the burden of
proof was on them to show both their title and the invalidity of
the reservations, under sections 61 and 62 of the Bank Act
(Stats. 1919, pp. 631–641).

[2] ID.—VIOLATION OF BANK ACT—EVIDENCE—PRESUMPTIONS.—In such
action, plaintiffs having failed to prove their allegations that the
reservation of mineral rights in the deeds of the grantor bank

1.   See 22 Cal. Jur. 167, 168.

was in violation of the Bank Act, it must be presumed that the law has been observed and that the regular course of business has been followed.

[3] ID.—TITLE OF BANK — POSSESSION — PRESUMPTIONS. — In such action, in view of plaintiffs' failure to prove that the grantor bank reserved the mineral rights illegally and of the presumption that the regular course of business was followed, it must be assumed that the grantor came into possession of the property legally in the first instance (that it acquired the property either in trust or in satisfaction of money loaned under pledge, mortgage, or deed of trust), and that when it conveyed to plaintiffs it passed a good title and reserved to itself a right which, under the provisions of the Bank Act, it was entitled to take and hold.

[4] BANKS AND BANKING — ACQUISITION OF REAL PROPERTY — POSSESSION BY BANK — PRESUMPTIONS — FORFEITURE — BANK ACT. — The provisions of the Bank Act were written for the benefit of the stockholders and creditors of the bank, and when a savings bank, having acquired real property within the terms of sections 61 and 62 of the Bank Act (Stats. 1919, pp. 631, 641), retains possession thereof beyond the time permitted by the act, it is necessary to point to some provision of the act declaring a forfeiture of rights in the property so held before a court would be justified in decreeing a forfeiture.

[5] QUIETING TITLE — DEEDS — RESERVATION OF MINERAL RIGHTS — BANKS AND BANKING—JUDGMENTS—EQUITY.—Where the grantees of a savings bank sought to quiet title to several tracts of land and to cancel reservations of mineral rights excepted from the conveyances by the grantor bank, not because they were entitled to an interest in the property upon any rule of law or equity, but because it would be of material property benefit to them if the property of the bank were taken from the bank and given to them, their case was without equity and judgment properly went for the defendant bank.

---

(1) 40 C. J., p. 934, n. 75.    (2) 22 C. J., p. 103, n. 68, 70, p. 147, n. 59.    (3) 22 C. J., p. 103, n. 70, p. 147, n. 59.    (4) 7 C. J., p. 874, n. 55 New.    (5) 40 C. J., p. 935, n. 90.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph H. Clock, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas K. Case for Appellants.

Newlin & Ashburn and Raymond L. Haight for Respondent.

NOURSE, J.—Plaintiffs sued to quiet title to several separate tracts of land situated in the Antelope Valley, Los Angeles County. The amended complaint alleged that the plaintiffs had acquired title to their respective holdings through conveyances from the Southern Trust Company, the predecessor in interest of the Security Trust and Savings Bank. It was also alleged that in all the deeds of conveyance to these plaintiffs a reservation was inserted expressly excepting out of the conveyance all minerals and rights in relation thereto, including oil, petroleum, asphaltum, and like substances and the right to mine, dig, or bore for the same. The theory of the complaint was that the reservation deteriorated the value of the plaintiffs' holdings and the prayer was that the reservation be declared void and that the defendant be restrained from entering upon the property for any purposes under the reservation. The defendant Security Trust and Savings Bank filed its answer and cross-complaint setting up its title to the minerals and the right to remove them as found in this reservation contained in the deeds of conveyance, and asking for a declaratory judgment in its favor based upon this reservation. The trial was had before the court without a jury and resulted in a judgment in favor of the defendants on plaintiffs' complaint and in favor of the defendant Security Trust and Savings Bank upon its cross-complaint. The court expressly found that the rights of the respective plaintiffs in the properties described were subject to the reservation contained in the deeds of conveyance. From this judgment the plaintiffs have appealed upon a typewritten record.

[1] The grounds of appeal are variously stated under separate headings, but in fact present but one question and that is, may a grantee question his grantor's title to his own benefit. The position of the appellants is that because under certain provisions of the Bank Act under which the respondent has been incorporated the holding of real property for investment purposes is prohibited and the holding of mineral and oil rights is not expressly permitted; therefore, the appellants say, that the respondent acted beyond its power when it acquired these lands in the first instance, including the mineral rights, and that when it conveyed to the appellants it acted beyond its power in re-

serving to itself these mineral rights. The appellants have cited section 61 and section 62 of the Bank Act (Stats. 1919, pp. 631–641). Section 61 authorizes savings banks to purchase, hold, and convey such real property as may have been mortgaged, pledged, or conveyed to it in trust, and such as may have been purchased at sales under pledge, mortgage, or deed of trust. Section 62 of the act prohibits a savings bank from directly or indirectly dealing or trading in real property in any other case than as authorized by the act. Because of these provisions the appellants argue that the respondent having failed to show that it had acquired the property in trust or at a sale under the terms provided in the act, it must have acquired the property illegally and its acts in retaining possession thereof and in reserving the mineral rights therein were *ultra vires*. The weakness of appellants' position is that having sought to quiet title to the entire estate and having prayed for a decree canceling the reservations, the burden of proof was on them to show both their title and the invalidity of the reservations. [2] They have failed to bring any evidence before this court to support their allegations in either respect. On the other hand, in the absence of evidence to the contrary, we must presume that the law has been observed and that the regular course of business has been followed. [3] In view of these presumptions it is necessary to assume that the respondent came into the possession of the property legally in the first instance (that it acquired the property either in trust or in satisfaction of money loaned under pledge, mortgage or deed of trust), and that when it conveyed to the appellants it passed a good title and reserved to itself a right which under the provisions of the Bank Act it was entitled to take and hold.

It may be that on paper showing the rights awarded to the respondent under the reservations are such as must be disposed of under section 54 of the Bank Act. But this is a question which is not raised on this appeal. Assuming that the appellants as grantees from the respondent could raise the question of *"ultra vires"* in the *holding* of the mineral rights by the respondent, the remedy under the Bank Act would be a sale of the mineral rights by the respondent and not a forfeiture thereof to its next-door neighbor. [4] Plainly, the provisions of the Bank Act were written for the

benefit and protection of the stockholders and creditors of the bank, and when the bank, having acquired real property within the terms of the act, retains possession thereof beyond the time permitted by the act it would be necessary to point to some express provision of the law declaring a forfeiture of the rights in the property so held before a court would be justified in decreeing a forfeiture.

[5] The case here is simply one of a failure of proof to show any measure of equity in appellants' plea. They asked to quiet title to an interest in property which they have never acquired and have asked that the property of the bank be taken from the bank and given to them, not because they are entitled to it upon any rule of law or equity, but because it would be of material property benefit to them if this could be done. The case is without equity and judgment properly went for the respondent.

Judgment affirmed.

Sturtevant, J., and Preston, P. J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1927.