[Civ. No. 3895. Third Appellate District.—October 18, 1929.]

CHARLES HENRY BARLOW, Appellant, v. SOUTHERN TRUST COMPANY (a Corporation), Respondent.

James W. Bell for Appellant.

Newlin & Ashburn and W. C. Mathes for Respondent.

FINCH, P. J.—The complaint alleges that the defendant is engaged in the general banking business under the banking laws of this state; that in the year 1907 it became the owner of a tract of land described in the complaint; that in the year 1911 it conveyed the land to the plaintiff, reserving and excepting all minerals and mineral rights therein; that its title to and ownership of such minerals and mineral rights have continued for more than five years; that such property is not necessary for carrying on its business, and is in contravention of section 54 of the Bank Act (Stats. 1917, p. 622), and that the plaintiff desires to purchase the minerals and mineral rights reserved by the defendant. The prayer is for a judgment compelling the defendant to sell the property so reserved.

The answer, filed by the Security Trust & Savings Bank, alleges and the proof shows that the defendant, on December 3, 1921, became merged into the Security Trust & Savings Bank, to which all the assets and liabilities of the defendant have been transferred and that neither corporation at any time owned or claimed any interest in the property for its own benefit and that the "Security Trust & Savings Bank does not now own, hold or claim or assert any right, title or interest in or to the said property, or any part thereof, except as trustee for another."

The deed conveying the property to the defendant was dated April 25, 1907; acknowledged April 27, 1907, and recorded April 29, 1907. There was admitted in evidence a trust agreement, dated April 29, 1907, executed by the defendant's grantors as trustors, the defendant as trustee, and The Atlantic & Pacific Fibre Importing & Manufacturing Company as beneficiary, which agreement contained the following:

"The trustee has received and accepted two deeds, dated April 25, 1907, made and executed by the trustors, conveying to said trustee that certain real property (describing the lands in controversy and other lands). The interest of the said trustors by virtue of said deeds has passed to and is now vested in the said trustee. The entire purchase price and consideration paid the trustors for the said property was paid by the said beneficiary, and no part of said purchase price or consideration was paid by the trustee herein,

and the said trustee therefore holds and will hold said property in trust for the said beneficiary for as long a time as the said beneficiary desires the said trustee to hold said title, and the said trustee will transfer, sell, lease, dedicate or otherwise dispose of the said property upon the written request of the said beneficiary."

The trust officer of the Security Trust & Savings Bank testified that such corporation "does not claim or assert any right to the real property described in the complaint other than under the provisions of the (trust) agreement."

Judgment was entered in favor of the Security Trust & Savings Bank for costs of suit and the plaintiff has appealed.

■ Appellant contends that the trust agreement is void. It need not be determined whether or not that agreement is void. The conveyances to the defendant and the trust agreement must be considered as parts of a single transaction. (*Younger* v. *Moore,* 155 Cal. 767, 771 [103 Pac. 221].) If the trust is void, the whole transaction is void and no title passed to the trustee. (*Ruddick* v. *Albertson,* 154 Cal. 640 [98 Pac. 1045].) ■ Without regard to the trust agreement, a resulting trust is presumed in favor of The Atlantic & Pacific Fibre Importing & Manufacturing Company from the payment by it of the entire consideration for the transfer of the property to the defendant. (Civ. Code, sec. 853.)

Section 54 of the Bank Act (Stats. 1917, p. 622) provides that all real estate "owned or held" by a bank, "which is not necessary for carrying on its business, must be sold or exchanged for other real estate by such bank within five years after title thereto shall have vested in it by purchase or otherwise. . . . Parcels of such real estate not sold or exchanged within said time may be purchased by any person wanting the same upon the conditions and proceedings following: the intending purchaser may file a petition in the superior court in and for the county wherein said real estate or any portion thereof is situated; upon the filing of such petition a citation shall be issued out of said court directed to the bank owning such real estate requiring such bank to show cause . . . why commissioners should not be appointed by said court for the purpose of appraising the value of the real estate described in the petition and of

selling the same at public auction under the provisions of this section. . . . If it shall appear at the hearing of such petition that the real estate therein sought to be purchased is held by such bank in violation of the provisions of this section or of the Constitution of this state, the court shall appoint three commissioners to appraise the value thereof and sell the same at public auction. . . . In case of any sale made under the provisions of this section and of the refusal of any bank owning such real estate . . . to execute the conveyances or releases necessary or proper to vest the title of such bank . . . in the purchaser thereof the court shall have power in such proceeding to direct said commissioner to execute such deeds, conveyances or releases upon the payment to them of the purchase price therefor.''

It has been said that ''the provisions of the Bank Act were written for the benefit and protection of the stockholders and creditors of the bank.'' (*Patterson* v. *Southern Trust Co.*, 80 Cal. App. 411, 414 [251 Pac. 938, 939].) That purpose would not be furthered by requiring a bank to sell property which it holds in trust and in which it has no beneficial interest. The language of section 54 indicates that its provisions were not intended to apply in a case such as this. Notice of the application is to be directed only to ''the bank owning'' the real estate. The commissioner is to execute a conveyance to the purchaser in the event of the refusal of the ''bank owning such real estate'' to make the conveyance. The conveyance is to be such as to vest ''the title of such bank'' in the purchaser. If a bank holds real estate in trust in violation of law, other remedies may be provided or invoked, but it seems clear that section 54 of the Bank Act was not intended to apply in such a case..

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.